**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

CASE NO. 22-60110-CR-SINGHAL/SNOW

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1956(h)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1957
18 U.S.C. § 982(a)(2)(A)
18 U.S.C. § 982(a)(1)

FILED BY_____D.C.

MAY 19 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

UNITED STATES OF AMERICA,

vs.

**ALEXANDER BLAISE and**
**DUMARSAIS BLAISE JR.,**

        **Defendants.**

_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### *The Defendants and Relevant Entities*

1.      Defendant **ALEXANDER BLAISE** was a resident of Plantation, Florida.

2.      Defendant **DUMARSAIS BLAISE JR.** was a resident of Lithonia, Georgia.

**ALEXANDER BLAISE** and **DUMARSAIS BLAISE JR.** are brothers.

3.      CC-1 was a resident of Pembroke Pines, Florida.

4.      Individual 1 was a resident of Stone Mountain, Georgia.

5.      Acute Care Coordinating Systems Pa ("ACCS") was a Florida limited liability company with an address listed in Plantation, Florida. **ALEXANDER BLAISE** was the manager of ACCS.

6.      Blaise Podiatry LLC ("Blaise Podiatry") was a Florida limited liability company with an address listed in Miami, Florida. **ALEXANDER BLAISE** was the manager of Blaise Podiatry.

7.      Appetite for Everything Inc. ("Appetite") was a Florida limited liability company with an address listed in Pembroke Pines, Florida. CC-1 was the registered agent for Appetite.

8.      One of One LLC ("One of One") was a New Mexico limited liability company with an address listed in Albuquerque, New Mexico. On bank documents, CC-1 reported himself as the sole owner of One of One.

9.      D&C Tax City LLC ("DC Tax City") was a Georgia limited liability company with an address listed in Lithonia, Georgia. On the Articles of Organization, **DUMARSAIS BLAISE JR.** was listed as the "Organizer" of DC Tax City. In or around 2020, **BLAISE JR.** was listed as a "Member" of DC Tax City.

10.     Sawyer, Moore, and Associates, LLC ("SMA") was a Georgia limited liability company with an address listed in Lithonia, Georgia. In 2016, **DUMARAIS BLAISE JR.** was listed as an "Organizer" of SMA. In 2017, the state of Georgia administratively dissolved SMA. On or about May 27, 2020, **BLAISE JR.** applied for reinstatement of SMA.

### *The Small Business Administration*

11.     The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by

enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

12.     As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders.  These loans had government-backed guarantees.

### *The Paycheck Protection Program*

13.     The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic.

14.     One source of relief that the CARES Act provided was the authorization of up to $349 billion in forgivable loans to small businesses for payroll, mortgage interest, rent/lease, and utilities, through a program referred to as the Paycheck Protection Program ("PPP").  In April 2020, Congress authorized up to $310 billion in additional PPP funding.

15.     The PPP allowed qualifying small businesses and other organizations to receive PPP loans.  Businesses were required to use PPP loan proceeds on payroll costs, interest on mortgages, rent, and utilities.  The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a certain percentage of the PPP loan proceeds on payroll expenses.

16.     The amount of a PPP loan that a small business was entitled to receive was determined by the number of employees employed by the business and the business's average monthly payroll costs.

17.     To obtain a PPP loan, a qualifying business was required to submit a PPP loan application which was signed by an authorized representative of the business.  The PPP loan

application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

18.     A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own funds. While a participating lender issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by a wire transfer by the lender to the SBA in the course of processing the loan.

### *The Economic Injury Disaster Loan Program*

19.     The Economic Injury Disaster Loan ("EIDL") program was an SBA program that provided low-interest financing to small businesses, renters, and homeowners in regions affected by declared disasters. The CARES Act authorized the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

### *Relevant Financial Institutions*

20.     Financial Institution 1, headquartered in Charlotte, North Carolina, was an approved SBA lender of PPP loans.

21.     Financial Institution 2 was headquartered in San Francisco, California.

22.     Financial Institution 3 was headquartered in Melbourne, Florida.

23.     Financial Institution 4, headquartered in Salt Lake City, Utah, was an approved SBA lender of PPP loans.

24.     Financial Service Provider 1, headquartered in Atlanta, Georgia, was an approved SBA lender of PPP loans.

25.     Financial Service Provider 2, based in Redwood City, California, is a third-party company processor that processed PPP loans for Financial Institution 4.

### *PPP & EIDL Loan Applications*

26.     On or about April 1, 2020, **ALEXANDER BLAISE** applied for an EIDL from the SBA in the name of Blaise Podiatry.  On the application for that loan, **ALEXANDER BLAISE** reported gross annual revenues of approximately $252,857 and 5 employees.  The SBA funded this loan in the approximate amount of $121,500.

27.     On or about the dates specified in the table below, **DUMARSAIS BLAISE JR.,** **ALEXANDER BLAISE**, and CC-1 submitted and caused to be submitted PPP loan applications as follows:

| Loan SBA# | Entity Name | Approximate Application Date | Employees Claimed | Approximate Amount Claimed/Average Monthly Payroll | Approximate Amount Disbursed | Signature on Application |
|---|---|---|---|---|---|---|
| #7709 | DC Tax City | 4/6/20 | 5 | $25,000 $10,000/month | $25,000 | **DUMARSAIS BLAISE JR.** |
| #7102 | Blaise Podiatry | 4/20/20 | 5 | $42,527 $17,011/month | $42,527 | **ALEXANDER BLAISE** |
| #7807 | SMA | 5/5/20 | 36 | $378,900 $151,583/month | - | **DUMARSAIS BLAISE JR.** |
| #7401 | One of One | 5/8/20 | 40 | $626,367 $250,547/month | $626,367 | CC-1 |
| #7404 | Appetite | 5/9/20 | 41 | $626,776 $250,711/month | $626,776 | CC-1 |
| #7408 | ACCS | 5/11/20 | 32 | $356,485 $142,594/month | $356,485 | **ALEXANDER BLAISE** |

29.     On or about July 27, 2020, **ALEXANDER BLAISE** sought a second EIDL from the SBA in the name of Blaise Podiatry.  On this application, **ALEXANDER BLAISE** reported gross annual revenues of $965,200 and 52 employees.  The SBA did not fund this loan application.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1.     The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.     From in or around April 2020, continuing through in or around August 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDER BLAISE** and
**DUMARSAIS BLAISE JR.,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with each other, CC-1, and with others known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly, and with the

intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by, among other things: (1) creating false and fraudulent documents, including payroll records and tax documents; (2) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including EIDL and PPP loans; (3) offering, paying, and receiving kickbacks in return for causing the submission of false and fraudulent loan applications; and (4) through structured transfers diverting fraud proceeds for the defendants' and co-conspirators' personal use, the use and benefit of others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      **DUMARSAIS BLAISE JR.** created false and fraudulent tax documents for business entities owned by **ALEXANDER BLAISE** and CC-1 for the purpose of applying for PPP loans.

5.       **ALEXANDER BLAISE, DUMARSAIS BLAISE, JR.** and CC-1 submitted and caused the submission of false and fraudulent PPP loan applications for ACCS, Appetite, and One of One.

6.       The PPP loan applications submitted, or caused to be submitted, by **ALEXANDER BLAISE, DUMARSAIS BLAISE JR.,** and CC-1 for ACCS, Appetite, and One of One included false and fraudulent tax documents and falsely and fraudulently represented the borrowing entities' number of employees and amount of monthly payroll.

7.       Having obtained PPP loans for those entities, **ALEXANDER BLAISE** and CC-1 electronically wire transferred portions of the loan proceeds to **DUMARSAIS BLAISE, JR.'s** D&C Tax City business account through numerous structured deposits masked as legitimate "payroll."

8.       **DUMARSAIS BLAISE, JR.** subsequently transferred the loan proceeds to other personal accounts in his name and to **ALEXANDER BLAISE**, CC-1, and others through electronic wire transfers. The defendants and their co-conspirators structured the amount and timing of the wire transfers to conceal the illicit nature of the proceeds.

9.       As a result of the false and fraudulent representations made by the defendants in the PPP loan applications submitted as part of this scheme, Financial Institution 4 and Financial Service Provider 1 disbursed PPP loan proceeds to **ALEXANDER BLAISE** and CC-1 in the amount of approximately $1.6 million.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2-4
### Wire Fraud
### (18 U.S.C. § 1343)

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2020, continuing through in or around August 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDER BLAISE** and
**DUMARSAIS BLAISE JR.,**

did knowingly, and with the intent to defraud, devise, and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18 United States Code, Section 1343.

### PURPOSE OF SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for the defendants and their accomplices to unjustly enrich themselves by, among other things: (1) creating false and fraudulent documents, including payroll records and tax documents; (2) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including EIDL and PPP loans; (3) offering, paying and receiving kickbacks in return for causing the submission of false and fraudulent loan applications; and (4) through structured transfers diverting fraud proceeds

for the defendants' personal use, the use and benefit of others, and to further the scheme and artifice.

## SCHEME AND ARTIFICE

4.      Paragraphs 4 through 9 of the Manner and Means section from Count 1 of this Indictment are re-alleged and incorporated by reference as though fully set forth herein as the description of the scheme and artifice.

## USE OF THE WIRES

5.      On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants, **ALEXANDER BLAISE** and **DUMARSAIS BLAISE JR.**, for the purpose of executing and in furtherance of aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted, by means of wire communication, certain writings, signs, signals, pictures, and sounds, as described below:

| Count | Approximate Date | Description of Interstate Wire |
|-------|-----------------|-------------------------------|
| 2 | May 8, 2020 | Electronic transmission of fraudulent PPP loan application in the name of One of One LLC from the Southern District of Florida to Financial Service Provider 2 for consideration by Financial Institution 4. |
| 3 | May 9, 2020 | Electronic transmission of fraudulent PPP loan application in the name of Appetite for Everything Inc. from the Southern District of Florida to Financial Service Provider 1. |
| 4 | May 11, 2020 | Electronic transmission of fraudulent PPP loan application in the name of Acute Care Coordinating Systems Pa from the Southern District of Florida to Financial Service Provider 1. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT 5
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      From in or around April 2020, continuing through in or around August 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDER BLAISE** and
**DUMARSAIS BLAISE JR.,**

did knowingly and voluntarily combine, conspire, and agree with each other, CC-1, and with others known and unknown to the Grand Jury to commit offenses against the United States, that is:

a)  to knowingly conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

b)  to knowingly engage in monetary transactions by, through, and to a financial institution affecting interstate commerce, in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, knowing that the property involved in the monetary transactions represented the proceeds of some form of specified unlawful activity in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT 6
### Money Laundering
### (18 U.S.C. § 1957)

1.  The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.  On or about the dates listed below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDER BLAISE** and
**DUMARSAIS BLAISE JR.,**

did knowingly engage in a monetary transaction by, through, and to a financial institution affecting interstate commerce in criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity, knowing that the property involved in the monetary transactions represented the proceeds of some form of specified unlawful activity, that is, a wire transfer of funds in the approximate amount $67,005.02 and with a notation of "Payroll," from an account ending in 7225 at Financial Institution 2 to an account ending in 5702 at Financial Institution 1.

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18 United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

<u>**COUNTS 7-10**</u>
**Money Laundering**
**(18 U.S.C. § 1956(a)(1)(B)(i))**

1.      The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2.      On or about the dates specific as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ALEXANDER BLAISE** and
**DUMARSAIS BLAISE JR.,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce, which transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, as more specifically described below:

| Count | Defendant(s) | Approximate Date of Transaction | Description of Financial Transaction |
|---|---|---|---|
| 7 | **ALEXANDER BLAISE** and **DUMARSAIS BLAISE JR.** | June 4, 2020 | Electronic wire transfer of $3,788.80 from account ending in 5702 at Financial Institution 1 to account ending in 0074 at Financial Institution 2, with a notation "Alexander Blaise" |
| 8 | **DUMARSAIS BLAISE JR.** | June 4, 2020 | Electronic wire transfer of $3,788.80 from account ending in 5702 at Financial Institution 1 to account ending in 9635 at Financial Institution 1, with a notation "Dumarsais Blaise Jr. AFE Payroll" |
| 9 | **DUMARSAIS BLAISE JR.** | June 11, 2020 | Electronic wire transfer of $5,098.97 from account ending in 5702 at Financial Institution 1 to account ending in 1689 at Financial Institution 1, with a notation "[CC-1] AFE Payroll" |

| Count | Defendant(s) | Approximate Date of Transaction | Description of Financial Transaction |
|-------|--------------|--------------------------------|--------------------------------------|
| 10 | **ALEXANDER BLAISE** and **DUMARSAIS BLAISE JR.** | June 18, 2020 | Electronic wire transfer of $8,600 from account ending in 5702 at Financial Institution 1 to account ending in 6545 at Financial Institution 3, with a notation "Individual 1" |

It is further alleged that the specified unlawful activity was wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2.

## FORFEITURE ALLEGATION
### (Wire Fraud)
### (18 U.S.C. § 982(a)(2)(A))

1.      The allegations contained in Counts 1 through 4 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(2)(A).

2.      Upon conviction of the offenses in violation of Title 18, United States Code, Section 1343 and 1349, set forth in Counts 1 through 4 of this Indictment, the defendants, **ALEXANDER BLAISE** and **DUMARSAIS BLAISE JR.**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation(s).

3.      If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

14

  d.  has been substantially diminished in value; or

  e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

  All pursuant to Title 18, United States Code, Section 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

**FORFEITURE ALLEGATION**
**(Money Laundering)**
**(18 U.S.C. § 982(a)(1))**

  1.  The allegations contained in Counts 5 through 10 of this Indictment are hereby realleged and by this reference fully set forth herein for the purpose of alleging criminal forfeiture to the United States of America of certain property in which the defendants, **ALEXANDER BLAISE** and **DUMARSAIS BLAISE JR.**, have an interest.

  2.  Upon conviction of any violation of Title 18, United States Code, Sections 1956 and 1957, alleged in Counts 5 through 10 of this Indictment, the defendants shall forfeit to the United States of America any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

  3.  If any of the property described above, as a result of any act or omission of the defendants:

  a.  cannot be located upon the exercise of due diligence;

  b.  has been transferred or sold to, or deposited with, a third party;

  c.  has been placed beyond the jurisdiction of the court;

15

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 982(a)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

Lynn Kirkpatrick for

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

JOSEPH S. BEEMSTERBOER, ACTING CHIEF
FRAUD SECTION, CRIMINAL DIVISION

EMILY SCRUGGS, TRIAL ATTORNEY
EDWARD EMOKPAE, TRIAL ATTORNEY
FRAUD SECTION, CRIMINAL DIVISION
U. S. DEPARTMENT OF JUSTICE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

**CASE NO.:**

v.

ALEXANDER BLAISE and
DUMARSAIS BLAISE JR.,
_____/
                    Defendants.

**CERTIFICATE OF TRIAL ATTORNEY\***

**Superseding Case Information:**

**Court Division** (select one)

☐ Miami     ☐ Key West     ☐ FTP
☑ FTL        ☐ WPB

New Defendant(s) (Yes or No)
Number of New Defendants
Total number of New Counts

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) <u>No</u>
   List language and/or dialect:_____

4. This case will take <u>5</u> days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)
   I    ☑ 0 to  5 days               ☐ Petty
   II   ☐ 6 to 10 days               ☐ Minor
   III  ☐ 11 to 20 days              ☐ Misdemeanor
   IV   ☐ 21 to 60 days              ☑ Felony
   V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) <u>No</u>
   If yes, Judge_____     Case No._____

7. Has a complaint been filed in this matter? (Yes or No) <u>No</u>
   If yes, Magistrate Case No._____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) <u>No</u>
   If yes, Judge_____     Case No._____

9. Defendant(s) in federal custody as of_____

10. Defendant(s) in state custody as of_____

11. Rule 20 from the            District of

12. Is this a potential death penalty case? (Yes or No) <u>No</u>

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) <u>No</u>

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) <u>No</u>

By: _____

Maurice Johnson
Assistant United States Attorney
Court ID No.     A5501806

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **ALEXANDER BLAISE**

**Case No**:

**Count(s) #: 1**

Conspiracy to Commit Wire Fraud

Title 18, United States Code, Section 1349

**\*Max.Penalty:** 20 Years' Imprisonment

**Count(s)#: 2-4**

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max.Penalty:** 20 Years' Imprisonment as to each count

**Count(s)#:** 5

Conspiracy to Commit Money Laundering

Title 18, United States Code, Section 1957(h)

**\*Max.Penalty:** 20 Years' Imprisonment

**Count(s)#:** 6

Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity

Title 18, United States Code, Section 1957

**\*Max.Penalty:** 10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

CONTINUED PENALTY SHEET
page 2 of 2

**Defendant's Name**: **ALEXANDER BLAISE**

**Case No**:

**Count(s) #:** 7-10

Money Laundering

Title 8, United States Code, Section 1956(a)(1)(B)(i)

**\*Max.Penalty:** 20 Years' Imprisonment as to each count

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name:** **DUMARSAIS BLAISE, JR.**

**Case No:**

**Count(s) #: 1**

 Conspiracy to Commit Wire Fraud

 Title 18, United States Code, Section 1349

**\*Max.Penalty:** 20 Years' Imprisonment

**Count(s)#: 2-4**

Wire Fraud

Title 18, United States Code, Section 1343

**\*Max.Penalty:** 20 Years' Imprisonment as to each count

**Count(s)#:** 5

Conspiracy to Commit Money Laundering

 Title 18, United States Code, Section 1957(h)

**\*Max.Penalty:**  20 Years' Imprisonment

**Count(s)#:** 6

Engaging in Monetary Transactions in Property Derived  from Specified Unlawful Activity

 Title 18, United States Code, Section 1957

**\*Max.Penalty:**  10 Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

<u>CONTINUED PENALTY SHEET</u>
page 2 of 2

**Defendant's Name:** **DUMARSAIS BLAISE, JR.** _____

**Case No:** _____

**Count(s) #:** 7-10

Money Laundering _____

Title 8, United States Code, Section 1956(a)(1)(B)(i) _____

**\*Max.Penalty:** 20 Years' Imprisonment as to each count _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**