UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-60110-CR-SINGHAL/SNOW

UNITED STATES OF AMERICA

vs.

ALEXANDER BLAISE,

    Defendant.

_____/

## FACTUAL PROFFER

The United States and the Defendant, Alexander Blaise, agree that at trial, the United States would have proven beyond a reasonable doubt the following facts, which pertain to a violation of Title 18, United States Code, Section 1349, and which occurred in the Southern District of Florida and elsewhere.

1. Paycheck Protection Program ("PPP") loans were government-backed and potentially forgivable business loans that Congress created as part of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act in March 2020. Congress made many small businesses eligible for PPP loans, with the amount of the loan generally 2.5 times the business's average monthly payroll.

2. In applying for a PPP loan, an authorized representative of the applicant business had to certify the accuracy of the contents of the application, including any supporting documentation used to prove the applicant business's average monthly payroll. A PPP loan application was processed by a participating lender and the applicant could submit the application and supporting documents over the internet, often through a financial services provider. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies.

The United States Small Business Administration ("SBA") fully guaranteed these loans, and PPP loan recipients were required to use the proceeds on certain permissible expenses: payroll costs, interest on mortgages, rent, and utilities.

3.  The Defendant, a resident of Plantation, Florida, was the owner of Acute Care Coordinating Systems PA ("ACCS") and Blaise Podiatry LLC ("Blaise Podiatry").

4.  Dumarsais Blaise ("D. Blaise"), a resident of Lithonia, Georgia, and the Defendant's brother, was a tax preparer registered with the Internal Revenue Service ("IRS") who owned D&C Tax City LLC ("D&C Tax City") and Sawyer, Moore, and Associates, LLC.

5.  Anthony Wallace ("Wallace"), also known as Anthony Sands II, was a resident of Pembroke Pines, Florida, and the owner of One of One LLC ("One of One") and Appetite for Everything Inc. ("Appetite").

6.  On or about May 11, 2020, D. Blaise assisted the Defendant in submitting an electronic PPP loan application requesting $356,485 from Financial Service Provider 1 for ACCS. The loan application contained a number of false statements about ACCS, including: (a) that it had an "average monthly payroll" of $142,594; (b) that it had 32 employees and (c) that the PPP "funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule." On or about May 12, 2020, Financial Service Provider 1 funded the ACCS loan for approximately $356,485 and deposited these funds into a personal account in the name of Blaise Podiatry.

7.  In contrast to the statements in the application, ACCS never reported any employees to the Florida Department of Revenue and never reported wages paid to the IRS, both of which it was required to do by law. Further, bank records showed that the Defendant did not

2

spend the proceeds of the ACCS PPP loan on expenses allowed under the PPP, but instead used at least some of the proceeds on personal expenses such as credit card payments and investment purchases.

8. The ACCS PPP loan application that Financial Service Provider 1 received included a purported IRS Form W3 for ACCS, which bore the Defendant's signature and was dated January 3, 2020. This IRS Form W3 represented that ACCS had paid approximately $1.7 million in wages in 2019, supporting the average monthly payroll of $142,594 reported in the application. ACCS, however, conducted no substantive business in 2019 and paid no wages in that year. Moreover, the document properties associated with the IRS Form W3 submitted to Financial Service Provider 1 with the ACCS application showed that D. Blaise had created and revised the form on or about May 4, 2020, three months after the date that the Defendant purported to have signed the form. D. Blaise had also emailed the same false form to the Defendant on or about May 4, 2020.

9. Bank records showed that between on or about May 19, 2020, and on or about July 1, 2020, the Defendant transferred approximately $270,000 of the ACCS PPP proceeds to D. Blaise's D&C Tax City account. D. Blaise then caused some of these funds to be transmitted back to the Defendant, sometimes to accounts held jointly between the Defendant and others. D. Blaise also transmitted payments to other individuals on the Defendant's behalf. D. Blaise also retained a portion of the funds for himself.

10. D. Blaise also emailed the Defendant "Employee Payroll Summary Report" files similar to the documents that Wallace had received. On or about May 21, 2020, D. Blaise emailed the Defendant an "Employee Payment Summary Report" purporting to list "employees" and pay

3

for ACCS for the period between approximately April 21, 2020, and May 21, 2020. D. Blaise and the Defendant were listed as employees on this report. On or about August 11, 2020, the Defendant received an "Employee Payment Summary Report" for ACCS from D. Blaise's personal email address. This report purported to list "employees" and pay for ACCS for the period between approximately April 1, 2020, and August 11, 2020. D. Blaise and the Defendant were listed as employees on this report as well. D. Blaise never worked for ACCS, which as noted above conducted no substantive business.

[This space intentionally left blank.]

The parties agree that the fraud conspiracy in this case involved the use of interstate wires. The parties further agree that the facts contained in this proffer are not a complete recitation of the facts and circumstances of this case, but are sufficient to prove Count 1 of the Indictment as to the Defendant beyond a reasonable doubt.

GLENN S. LEON
CHIEF, FRAUD SECTION

Date: 1/4/23    By: _____
                    For EDWARD EMOKPAE
                    TRIAL ATTORNEY

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 1/4/23    By: _____
                    KIRAN N. BHAT
                    ASSISTANT UNITED STATES ATTORNEY

Date: 1/4/23    By: _____
                    JOSEPH ROSENBAUM
                    ATTORNEY FOR THE DEFENDANT

Date: 1/4/23    By: _____
                    ALEXANDER BLAISE
                    DEFENDANT

5