UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60110-SINGHAL

UNITED STATES OF AMERICA
        Plaintiff,

v.

ALEXANDER BLAISE,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture ("Motion") against Defendant **ALEXANDER BLAISE** (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On May 19, 2022, a federal grand jury returned an Indictment charging the Defendant in Count 1 with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, in Counts 2-4 with wire fraud in violation of 18 U.S.C. § 1343, in Count 5 with conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), in Count 6 with money laundering in violation of 18 U.S.C. § 1957, and Counts 7-10 with money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Indictment, ECF No. 1. The Indictment also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. §§ 1349 and/or 1343, the Defendant shall forfeit, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation pursuant and upon a conviction of 18 U.S.C. 1956 and/or 1957, the Defendant shall forfeit any property, real or personal, involved in such offense, and property traceable to such property. *See id.* at 14-15.

On January 4, 2023, the Court accepted the Defendant's guilty plea to Count 1 of the Indictment. *See* Minute Entry, ECF No. 43; Plea Agreement ¶ 1, ECF No. 45. As part of the guilty plea, the Defendant agreed to the forfeiture of all property, real or personal, which constitutes or is derived from proceeds obtained directly or indirectly, as a result of the offense. Plea Agreement ¶ 11.

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 46. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 3.

The Defendant, a resident of Plantation, Florida, was the owner of Acute Care Coordinating Systems PA ("ACCS") and Blaise Podiatry LLC ("Blaise Podiatry"). Factual Proffer at 2.

Dumarsais Blaise ("D. Blaise"), a resident of Lithonia, Georgia, and the Defendant's brother, was a tax preparer registered with the Internal Revenue Service ("IRS") who owned D&C Tax City LLC ("D&C Tax City") and Sawyer, Moore, and Associates, LLC. *Id.*

Anthony Wallace ("Wallace"), also known as Anthony Sands II, was a resident of Pembroke Pines, Florida, and the owner of One of One LLC ("One of One") and Appetite for Everything Inc. ("Appetite"). *Id.*

On or about May 11, 2020, D. Blaise assisted the Defendant in submitting an electronic-PPP loan application requesting $356,485 from Financial Service Provider 1 for ACCS. *Id.* The loan application contained a number of false statements about ACCS, including: (a) that it had an "average monthly payroll" of $142,594; (b) that it had 32 employees and (c) that the PPP "funds will be used to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the Paycheck Protection Program Rule." *Id.* On or about May 12, 2020, Financial Service Provider 1 funded the ACCS loan for approximately

$356,485 and deposited these funds into a personal account in the name of Blaise Podiatry. *Id.*

In contrast to the statements in the application, ACCS never reported any employees to the Florida Department of Revenue and never reported wages paid to the IRS, both of which it was required to do by law. *Id.* Further, bank records showed that the Defendant did not spend the proceeds of the ACCS PPP loan on expenses allowed under the PPP, but instead used at least some of the proceeds on personal expenses such as credit card payments and investment purchases. *Id.* at 3.

The ACCS PPP loan application that Financial Service Provider 1 received included a purported IRS Form W3 for ACCS, which bore the Defendant's signature, and was dated January 3, 2020. *Id.* This IRS Form W3 represented that ACCS had paid approximately $1.7 million in wages in 2019, supporting the average monthly payroll of $142,594 reported in the application. *Id.* ACCS, however, conducted no substantive business in 2019 and paid no wages in that year. *Id.* Moreover, the document properties associated with the IRS Form W3 submitted to Financial Service Provider 1 with the ACCS application showed that D. Blaise had created and revised the form on or about May 4, 2020, three months after the date that the Defendant purported to have signed the form. D. Blaise had also emailed the same false form to the Defendant on or about May 4, 2020. *Id.*

Bank records showed that between on or about May 19, 2020, and on or about July 1, 2020, the Defendant transferred approximately $270,000 of the ACCS PPP proceeds to D. Blaise's D&C Tax City account. *Id.* D. Blaise then caused some of these funds to be transmitted back to the Defendant, sometimes to accounts held jointly between the Defendant and others. *Id.* D. Blaise also transmitted payments to other individuals on the Defendant's behalf. D. Blaise also retained a portion of the funds for himself. *Id.*

D. Blaise also emailed the Defendant "Employee Payroll Summary Report" files similar to the documents that Wallace had received. *Id.* On or about May 21, 2020, D. Blaise emailed the Defendant an "Employee Payment Summary Report" purporting to list "employees" and pay for ACCS for the period between approximately April 21, 2020, and May 21, 2020. *Id.* at 4. D. Blaise and the Defendant were listed as employees on this report. *Id.* On or about August 11, 2020, the Defendant received an "Employee Payment Summary Report" for ACCS from D. Blaise's personal email address. *Id.* This report purported to list "employees" and pay for ACCS for the period between approximately April 1, 2020, and August 11, 2020. D. Blaise and the Defendant were listed as employees on this report as well. D. Blaise never worked for ACCS, which as noted above conducted no substantive business.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $124,060.27 is hereby entered against the Defendant.

2. The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

4. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend

this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of May 2023.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE